UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

**KARRIE KINTZ,**
**an Individual,**

     **Plaintiff,**

**v.**

**SP MANAGEMENT SERVICES, INC.**
**d/b/a SURGERY PARTNERS,**
**a Foreign Profit Corporation,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

COMES NOW the Plaintiff, **KARRIE KINTZ** ("Plaintiff"), by and through her undersigned counsel, and files this Complaint against the Defendant, **SP MANAGEMENT SERVICES, INC. d/b/a SURGERY PARTNERS** ("Defendant") and alleges the following:

### INTRODUCTION

1.    Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon her age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat., and for subjecting her

to sexual harassment, retaliation, and ultimately termination in violation of the FCRA and Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual.

4. Defendant is a Foreign Profit Corporation that is located and does business in Sarasota County, FL.

5. Plaintiff is protected by the ADEA because she is a female over forty (40) years of age who suffered discrimination because of her age by Defendant.

6. Plaintiff is protected by the ADEA because she suffered an adverse employment action and was subjected disparate treatment based on her age, including being fired because of discrimination by Defendant regarding her age.

7. Plaintiff is protected by the FCRA and Title VII, because she was a female employee who suffered sexual harassment/sex discrimination by Defendant.

8. Plaintiff is protected by the FCRA and Title VII, because she suffered an adverse employment action after objecting to Defendant's harassing conduct by being fired for same.

9. At all times material, Defendant employed 20 or more employees, and

is therefore an employer under the ADEA, Title VII, and FCRA.

## JURISDICTION AND VENUE

10.    The Court has original jurisdiction over Plaintiff's ADEA and Title VII claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

11.    This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as her ADEA and Title VII claims.

12.    Venue is proper in the Tampa Division of the Middle District of Florida because Defendant conducts substantial business in Sarasota County, Florida, and Plaintiff worked for Defendant in Sarasota County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

13.    On or around September 26, 2025, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination and sex discrimination against Defendant.

14.    On or around March 6, 2026, the EEOC issued Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal claims within 90 days of her receipt of the same.

15.    On or around March 31, 2026, the FCHR issued Plaintiff a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action

on her state claims within one year of her receipt of the same.

16. Plaintiff timely files this action within the applicable period of limitations against Defendant.

17. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

18. Plaintiff, a 61-year-old woman at the time, worked for Defendant as a Surgery Center Administrator from February 20, 2006, until her termination on January 27, 2025.

19. During her lengthy tenure, Plaintiff was an excellent employee, and had no history of attendance, disciplinary, or performance issues.

20. Unfortunately, Plaintiff also fell victim to severe and constant sexual harassment perpetrated by Orthopedic Specialist, Dr. John Moor ("Dr. Moor").

21. Since July 2014, she had to rebuff romantic and sexual advances by a superior, Dr. Moor.

22. Dr. Moor made comments such as, but not limited to, asking if Plaintiff was "topless" while she was emailing him, asking her if she kept her clothes on while on vacation, and asking her to pull his cell phone out of his pocket in the operating room and suggesting that she could keep her hand in his pocket for longer.

23. Things took a turn for the worse when Dr. Moor started engaging in an

4

extramarital affair with Christy Coirin ("Ms. Coirin"), an employee who reported to Plaintiff.

24.    Throughout her tenure Plaintiff objected several times to Dr. Moor that these actions and comments made her uncomfortable, but the doctor continued his unlawful sexual harassment with abandon.

25.    In July 2024, after Plaintiff returned to work from injuring herself in an accidental fall, Defendant management began a campaign to push Plaintiff out of her employment due to her age.

26.    This effort was led by Vice President, Monica Aliberti ("Ms. Aliberti"), who continuously peppered Plaintiff with discriminatory question such as: "aren't you about ready to retire?" and "Isn't work hard on you since your accident and wouldn't it be better to be able to stay home every day?"

27.    Aside from Ms. Aliberti, other employees such as Ros Anatra, Deb Nation, Jama Voiselle, and Dr. Moor himself made comments about Plaintiff's age and mobility or otherwise expressed unnatural interest on what her retirement plans were.

28.    In response to these probing questions, Plaintiff objected to the comments and stated that she planned to work for several more years.

29.    In August 2025, Ms. Aliberti informed Plaintiff that Defendant had begun an investigation into several alleged employee grievances made against

Plaintiff.

30. Throughout this "investigation," Plaintiff was never allowed to see or respond to the specifics of the grievances and was instead presented with a final corrective action form and instructed to sign it.

31. Plaintiff objected to this sudden escalation, but Defendant did not relent, and further informed Plaintiff that she was to move out of the office she had occupied for 19 years and be relegated to a medical records closet for the remainder of her tenure.

32. Despite the obvious sabotage of her position, Plaintiff persevered, and successfully completed the items of her performance improvement plan.

33. By January 2025, Defendant had not only failed to force Plaintiff to resign, but it also incited three of the central individuals who had levied complaints against Plaintiff to quit their positions without notice within a couple weeks of each other.

34. On January 27, 2025, Defendant terminated Plaintiff, effective immediately.

35. Ms. Aliberti stated that after this termination Plaintiff would "finally take time to take it easy and enjoy [her] retirement."

36. It is clear that Defendant discriminated against Plaintiff based on age.

37. It is clear that Plaintiff's termination was for pretextual, retaliatory, and

discriminatory reasons, based on her objection to the sexual harassment to which she was being subjected.

38.     Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is a pretext.

39.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

40.     By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII/FCRA.

41.     Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

42.     Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

43.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination and retaliation she endured at the hands of the Defendant.

44.     Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

45.    Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

46.    Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

47.    Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and ultimately termination for objecting to same.

48.    Defendant failed to take any remedial measures in response to Plaintiff's objections to unlawful discrimination/harassment and other violations of law.

49.    As a result of the severe and pervasive discrimination/harassment, and the lack of any remedial action taken in response to objections to discrimination/harassment, Defendant created a hostile work environment.

50.    Plaintiff was treated in a disparate manner from her counterparts as a result of her age.

51.    Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment due to sexual harassment pursuant to the FCRA and Title VII.

52.    Plaintiff's termination was due to the hostile work environment caused by Defendant's acts of sex-based discrimination and sexual harassment, and its failure to take prompt remedial measures to alleviate sexual harassment,

discrimination based on sex, and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law.

53.  The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and her termination, is sufficiently close to create the necessary nexus between the events.

54.  By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

55.  Defendant's adverse employment action against Plaintiff was taken in retaliation for her sex and for her objections to Defendant's discrimination and harassment based on sex.

56.  Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

57.  Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA
## HOSTILE WORK ENVIRONMENT

58.  Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 5, 9 through 10, 12 through 14, 16 through 19, 25 through 36, 38 through

43, 45 through 49, and 56 through 57 of the Complaint, above.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the ADEA.

60. Plaintiff was over forty (40) years old when she was terminated.

61. Plaintiff was not terminated for cause.

62. Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

63. The comments to which Plaintiff was subjected to materially affected the terms and conditions of her employment.

64. The comments to which Plaintiff was subjected to created a hostile work environment.

65. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

66. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

67. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE FCRA HOSTILE WORK ENVIRONMENT

69.    Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 5, 9, 11 through 13, 15 through 19, 25 through 36, 38 through 43, 45 through 49, and 56 through 57 of the Complaint, above.

70.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the FCRA, Chapter 760, Fla. Stat.

71.    Plaintiff was over forty (40) years old when she was terminated.

72.    Plaintiff was not terminated for cause.

73.    Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

74.    The comments to which Plaintiff was subjected to materially affected the terms and conditions of her employment.

75.    The comments to which Plaintiff was subjected to created a hostile work environment.

11

76.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

77.     Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

78.     Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

79.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: AGE DISCRIMINATION IN VIOLATION OF THE ADEA DISPARATE TREATMENT

80.     Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 5, 9 through 10, 12 through 14, 16 through 19, 25 through 36, 38 through 39, 41 through 43, 45 through 46, 48 through 50, and 56 through 57 of the Complaint, above.

81.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the ADEA.

82.     Plaintiff was over forty (40) years old when she was terminated.

83.     Plaintiff was not terminated for cause.

84.     Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

85.     Plaintiff was treated disparately from other employees who were not part of Plaintiff's protected class.

86.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

87.     Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

88.     Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

89.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF THE FCRA DISPARATE TREATMENT

90.     Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 5, 9, 11 through 13, 15 through 19, 25 through 36, 38 through 39, 41 through 43, 45 through 46, 48 through 50, and 56 through 57 of the Complaint, above.

91.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the FCRA, Chapter 760, Fla. Stat.

92.     Plaintiff was over forty (40) years old when she was terminated.

93.     Plaintiff was not terminated for cause.

94.     Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

95.     Plaintiff was treated disparately from other employees who were not part of Plaintiff's protected class.

96.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

97.     Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

98.     Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

99.     Plaintiff has no plain, adequate or complete remedy at law for the

actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V: RETALIATION UNDER THE ADEA BASED ON AGE

100.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6, 9 through 10, 12 through 14, 16 through 19, 25 through 36, 38, 53, and 56 through 57 of the Complaint, above.

101.   Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her age.

102.   Plaintiff's objections constituted protected activity under the ADEA.

103.   Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be age discrimination.

104.   Plaintiff's protected activity, and her termination, are causally related.

105.   Defendant's stated reasons for Plaintiff's termination are a pretext.

106.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

15

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

107. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

108. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

109. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI: RETALIATION UNDER THE FCRA BASED ON AGE

110. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6, 9, 11 through 13, 15 through 19, 25 through 36, 38, 53, and 56 through 57 of the Complaint, above.

16

111. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her age.

112. Plaintiff's objections constituted protected activity under the FCRA.

113. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be age discrimination.\

114. Plaintiff's protected activity, and her termination, are causally related.

115. Defendant's stated reasons for Plaintiff's termination are a pretext.

116. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

117. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

118. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

119. Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT VII:  SEX DISCRIMINATION/SEXUAL HARASSMENT UNDER TITLE VII HOSTILE WORKING ENVIRONMENT

120.    Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 4, 7, 9 through 10, 12 through 14, 16 through 24, 34, 37 through 38, 40, 43 through 45, 47 through 49, 51 through 52, and 54 through 57 of the Complaint, above.

121.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under Title VII.

122.    The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

123.    The harassment and discrimination to which Plaintiff was subjected created a hostile and abusive work environment.

124.    The conduct of Defendants, their agents, and employees proximately,

18

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

125. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter them, and others, from such conduct in the future.

126. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

127. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

<u>**COUNT VIII: SEX DISCRIMINATION/SEXUAL HARASSMENT**</u>
<u>**UNDER THE FCRA**</u>
<u>**HOSTILE WORKING ENVIRONMENT**</u>

128. Plaintiff realleges and adopts the allegations contained in Paragraphs 1

through 4, 7, 9, 11 through 13, 15 through 24, 34, 37 through 38, 40, 43 through 45, 47 through 49, 51 through 52, and 54 through 57 of the Complaint, above.

129. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under the FCRA.

130. The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

131. The harassment and discrimination to which Plaintiff was subjected created a hostile and abusive work environment.

132. The conduct of Defendants, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

133. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

134. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

135.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IX:  RETALIATION UNDER TITLE VII BASED ON OBJECTIONS TO DISCRIMINATION/HARASSMENT

136.    Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 4, 8 through 10, 12 through 14, 16 through 24, 34, 37 through 38, 41, 43 through 46, and 51 through 57 of the Complaint, above.

137.    The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment/sex discrimination under Title VII.

138.    The retaliation to which Plaintiff was subjected was based on her opposition to Defendants' illegal sexual harassment/sex discrimination to which she was being subjected.

139.    The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

140. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter them, and others, from such conduct in the future.

141. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

142. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT X: RETALIATION UNDER THE FCRA
## BASED ON OBJECTIONS TO DISCRIMINATION/HARASSMENT

143. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 4, 8 through 9, 11 through 13, 15 through 24, 34, 37 through 38, 41, 43 through 46, and 51 through 57 of the Complaint, above.

144. The acts of Defendants, by and through their agents and employees,

violated Plaintiff's rights against being retaliated against for opposing sexual harassment under the FCRA.

145. The retaliation to which Plaintiff was subjected was based on her opposition to Defendants' illegal sexual harassment to which she was being subjected.

146. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

147. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

148. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

149. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 2nd day of June, 2026.

Respectfully submitted,

**/s/ Tanner M. Borges**
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*